UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAINE BOMAR, *et al.*,

    Plaintiffs,

                                                          Civil No. 08-12629
                                                          Hon. John Feikens

    v.

CITY OF PONTIAC, *et al.*,

    Defendants.
_____

**OPINION AND ORDER AFFIRMING WITH MODIFICATION
MAGISTRATE JUDGE HLUCHANIUK'S ORDER (Dkt. 45),
AND OVERRULING PLAINTIFF'S OBJECTIONS**

**I. INTRODUCTION**

    I have before me Magistrate Judge Hluchaniuk's Order On Motion For Sanctions (Dkt. 45), and Defendants' Limited Objections to that Order (Dkt. 48). Defendants moved for sanctions against Plaintiff Germaine Bomar for her lack of cooperation in submitting to an independent medical examination. The examination was not pursuant to a court order, but was agreed upon by the parties as contemplated by Rule 35. Although the Magistrate Judge agreed that Plaintiff demonstrated a lack of cooperation at the examination, he found he lacked authority to afford relief under Rule 37(b), which contemplates sanctions for a party's failure to comply with a court order. Accordingly, the Magistrate Judge ordered Plaintiff to submit to a second independent medical examination but did not impose sanctions.

    Defendants object, arguing that the Federal Rules of Civil Procedure contemplate that medical examinations can occur pursuant to an agreement of the parties, without the necessity of a court order. They further claim that, upon such an agreement, Plaintiff "has obligations just as

though an order had been entered" – including the obligation to cooperate in good faith during the examination. Defendants further object that striking the Plaintiff's claim regarding her alleged injury to the jaw is the most appropriate relief, and that the relief granted is insufficient because Plaintiff should, at a minimum, be required to pay the costs associated with the second examination.

## II. ANALYSIS

Non-dispositive orders issued by a magistrate judge are governed by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Collectively, these rules permit this Court to reconsider Magistrate Judge Hluchaniuk's Order if Plaintiff has demonstrated that it is "clearly erroneous or contrary to law." A factual finding is "'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). A legal conclusion is "contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875 (E.D. Mich. Sept. 9, 2009) (quoting *SEC v. McKnight*, No. 08-11887, 2009 WL 1107675 (E.D. Mich. Apr. 22, 2009)).

In this case, other than disagreeing with the Magistrate Judge's interpretation of his authority and citing the Federal Rules of Civil Procedure, Defendants have provided no authority for their objections. Upon independent investigation, I found *limited* authority for the proposition that a court may impose sanctions under Rule 37(b) even where no court order was issued for an examination. *See Hayes-Williams v. City of Cleveland*, 208 F.3d 213, 2000 WL 84464 (6th Cir. Jan 12, 2000). In that case, the plaintiff agreed upon stipulation of the parties to submit to a psychological exam, but failed to appear as scheduled. *Id*. at *1. The defendant then moved for a court order to have the plaintiff appear for an exam. Because the plaintiff's attorney assured the court that his client would

appear for the exam, however, the court did not issue a formal order. *Id*. The court cautioned the plaintiff that it would "seriously consider disallowing any testimony regarding [her injury] if she again failed to appear." *Id*. Although the plaintiff did appear for the rescheduled exam, she refused to cooperate with the doctor. *Id*. Upon motion by the defendant for sanctions, the district court precluded the plaintiff from presenting evidence of her injury. *Id*. at *2. Then because the court found plaintiff would be unable to prove any damages, it dismissed her entire claim. *Id*. On review, apparently unconcerned with the lack of a court order requiring the examination, the Sixth Circuit Court of Appeals found the district court acted within its discretion when it precluded evidence of her injuries.[1] *Id*.

Under *Hayes-Williams*, I believe this Court does have some authority to sanction a party for failure to cooperate in discovery, even where the discovery was pursuant to an agreement of the parties rather than by court order. Nevertheless, I do not find the Magistrate Judge's Order to be contrary to law. The Magistrate Judge in this case did more than the district court judge in *Hayes-Williams* for the plaintiff's first failure to cooperate – he ordered a second examination. That resolution is not improper or contrary to law.

Accordingly, I OVERRULE Defendants' Objections and AFFIRM Magistrate Judge Hluchaniuk's Order with one modification. On page two of the Order, I add the following sentence before the words "IT IS SO ORDERED":

> Plaintiff Germaine Bomar is hereby cautioned that her failure to appear or cooperate fully with the examining physician will result in sanctions by this Court, which may include disallowing any testimony regarding her alleged TMJ injury, and/or dismissing her claim(s) for injury to her jaw.

### III. CONCLUSION

---

[1] The Sixth Circuit found the dismissal of the plaintiff's claim to be in error because the plaintiff could have established other damages.

Having reviewed each of Defendants' objections, I find that Magistrate Judge Hluchaniuk's Order is not clearly erroneous or contrary to the law. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(a). Accordingly, Defendants' objections are OVERRULED, and Magistrate Judge Hluchaniuk's Order is AFFIRMED WITH MODIFICATION.

**IT IS SO ORDERED.**

Date: August 17, 2010        s/ John Feikens
                             John Feikens
                             United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on August 17, 2010, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager